Case 6:16-cv-00855-CEM-TBS   Document 50   Filed 08/15/16   Page 1 of 7 PageID 293

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

CASE NO: 6:16-cv-855-Orl-41TBS

ANTHONY LENNEN and BETH LENNEN,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

vs.

MARRIOTT OWNERSHIP RESORTS, INC.;
MARRIOTT VACATIONS WORLDWIDE
CORPORATION d/b/a MARRIOTT VACATION
CLUB; MARRIOTT RESORTS TRAVEL
COMPANY, INC. d/b/a MVC EXCHANGE
COMPANY; MARRIOTT TITLE INSURANCE;
MVC TRUST OWNERS ASSOCIATION; FIRST
AMERICAN FINANCIAL; FIRST AMERICAN TRUST; FSB;
FIRST AMERICAN TITLE COMPANY; ORANGE COUNTY
FLORIDA; and ORANGE COUNTY COMPTROLLER,
MARTHA O. HAYNIE;
and MARRIOTT INTERNATIONAL, INC.,

    Defendants.
_____/

**DEFENDANT ORANGE COUNTY COMPTROLLER'S
MOTION TO DISMISS COUNT VI OF THE COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant ORANGE COUNTY COMPTROLLER, by and through undersigned counsel, hereby moves to dismiss Count VI of the Complaint in the above matter and as grounds therefore would show as follows:

    1.    Of the numerous counts in the pending Complaint, Plaintiffs bring only one claim against the Orange County Comptroller ("Comptroller"). The claim appears in Count VI and attempts to state a cause of action sounding in negligence.

2.     As an initial matter, the negligence claim against the Orange County Comptroller should be dismissed as Plaintiffs have failed to plead compliance with the pre-suit notice requirements of Florida Statute § 768.28(6). Because that statute is part of a statutory waiver of sovereign immunity, strict compliance is required. *Lederer v. Orlando Utilities Com'n.,* 981 So. 2d 521, 522 (5th DCA 2008). On this basis alone, Count VI of the Complaint should be dismissed.

3.     Notwithstanding the Plaintiffs' failure to comply with the statutory pre-suit notice requirements, the factual allegations contained in Count VI of the Complaint fail to state a cause of action upon which relief may be granted. Plaintiffs allege that the Defendant Comptroller has negligently failed to perform its statutory duty to record instruments as required by Florida Statute § 28.222. Plaintiffs' claim against the Comptroller revolves around the alleged improper recording of the MVC Trust Agreement, and MVC Consumer Deeds.[1] (Compl. ¶ ¶ 288, 290). However, Plaintiffs offer nothing more than unsupported conclusory legal allegations as to the Comptroller's alleged negligent conduct.

4.     The first allegation regarding the Comptroller's alleged negligent conduct is its recording of the MVC Trust Agreement on March 16, 2010.[2] Plaintiffs allege the Trust Agreement "neither contained a legal property description nor was it a recognized land trust." (Compl. ¶ 288). Plaintiffs further allege that under applicable law the Trust Agreement "was not a document that the Orange County Comptroller was required or permitted to record." Plaintiffs cite no authority other than Florida Statute § 28.222 in support of this allegation.

---

[1] Plaintiffs' properly cite the Florida Attorney General Advisory Opinion AGO 75-276 as the legal basis for the Comptroller's performance of the recording requirements set forth in Florida Statute § 28.222.
[2] This allegation alone is sufficient to establish that the Plaintiffs' tort claim against the Comptroller is barred by the four year statute of limitations. Florida Statute § 95.11(3)(a).

5. In fact, the cited Florida Statute supports, and in deed requires, the Comptroller to record the MVC Trust Agreement. In pertinent part, that statute requires the recording of "instrument[s] referring to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it." § 28.222(3)(a), Fla. Stat. Because the MVC Trust Agreement is, on its face, an "instrument relating to the ownership, transfer, or encumbrance of or claims against real or personal property", the plain language of the statute requires the Comptroller to record it.

6. The second general category of alleged negligence Plaintiff attempts to articulate is the recording of the MVC Consumer Deeds. *See, generally, Compl.* ¶ 290 *et. seq.* The Comptroller need not express any opinion as to the alleged legal effectiveness of these deeds, as that issue is irrelevant to its duty to record the deeds[3]. Plaintiffs acknowledge that the Comptroller is required to record the deeds by Florida Statute § 28.222(3). (Compl.¶ 292). However, at paragraph 293, Plaintiffs make the unsupported and conclusory allegation that the Comptroller was negligent in recording the MVC Consumer Deeds. (Compl. ¶ 293).

7. While Plaintiffs fail to cite any legal basis for such a conclusory allegation, the law of Florida is longstanding and well-established that the Comptroller has no option but to record a properly-executed deed. As stated by the Florida Attorney General in Advisory Legal Opinion AGO 75-309:

> The [comptroller] is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to recordation under s. 28.222, F. S.

This Advisory Legal Opinion goes on to cite *Pan American World Airways v. Gregory*, 96 So. 2d 669 (3d DCA 1966) for the longstanding proposition that the recording of a deed is a legal

---

[3] It is significant that the Plaintiffs have admitted the MVC Consumer Deeds "purport to relate interests in property." (Comp. ¶ 296). This allegation alone is sufficient to establish the Orange County Comptroller's duty to record the MVC Consumer Deeds pursuant to F. S. § 28.222(3).

3

ministerial duty. As such, the recording officer has no discretion in varying from the statutory directive.

8. The Plaintiffs claim that the MVC Consumer Deeds are legally defective in that property descriptions are absent or insufficient. Again, the law of Florida is well established that properly executed deeds must be recorded even if the legal description is invalid. (Florida Attorney General Advisory Legal Opinion 44-86, March 17, 1944).

9. In AGO 44-86, the Florida Attorney General was asked to review a circumstance in which the Collier County Clerk of the Circuit Court believed the legal description on a warranty deed presented for recording to be deficient and likely to cloud title to surrounding property. In finding that the Clerk of the Court had no discretion in performing its statutory duties in recording the deed, the Attorney General stated in part:

> I hardly think that a clerk of court should take upon himself the responsibility of examining every deed that is submitted to him for record and passing upon whether or not the description contained therein is adequate.

AGO 44-86. Florida Statute 28.222 imposes no such duty and it was clearly not the Legislature's intent to place such an onerous burden upon the Comptroller.

10. The findings in neither AGO 75-309 nor AGO 44-86 have ever been questioned or departed from by any Florida Court. The law of Florida is clear; the Comptroller had no option but to record the legally-executed MVC Consumer Deeds as was done in the circumstance described in the Complaint.

11. In paragraph 294 of the Complaint Plaintiffs vaguely allege that the Comptroller has failed to "uniformly maintain public records of real property", but offer no specifics as to this allegation. (Compl. ¶ 294). Plaintiffs assert that the Florida Statutes of 2010 are applicable law in this circumstance. The 2010 version of § 28.222(2) reads as follows:

4

> The clerk of the circuit court shall record all instruments in one general series of books called "Official Records." He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the party to the instrument, The clerk shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record.

12. Plaintiffs fail to specify which portion of this statutory language the Comptroller has not complied with. Also conspicuously absent from the Complaint is a citation to any authority for this alleged failure to "uniformly maintain public records."

13. Plaintiffs make reference to internal procedures purportedly followed by other counties, but such procedures are wholly irrelevant and have no legal affect upon the Defendant Comptroller. As properly cited by Plaintiffs, the Comptroller's legal duty to record official records is articulated in Florida Statute § 28.222, and is further guided by Legal Advisory Opinions AGO 75-309 and AGO 44-86.

14. Plaintiffs briefly allege that the Comptroller deviated from its normal procedures in paragraph 297 of the Complaint, but offer no specifics, vaguely stating that it "appears" some deviation occurred. Such vague and ambiguous allegations are clearly insufficient to state a cause of action against the Comptroller. *See*, Fed. R. Civ. P. 8.

15. Finally, Plaintiffs make general allegations of favoritism or special treatment in paragraphs 296 through 302 of the Complaint. As stated above, the law of Florida is longstanding and well-established that the Comptroller's duty to record official records is articulated in Florida Statute § 28.222 and in Legal Advisory Opinions AGO 75-309 and AGO 44-86. The allegations of the Complaint establish the Comptroller has done nothing other than perform its legal obligations under the applicable statute and as articulated in the Legal Advisory Opinions.

16. The prayer for relief for Count VI is articulated in paragraph 303 of the Complaint. Subparagraphs (a) and (b) seek "refunds" of taxes and fees collected by the Comptroller. Such claims for "refund" should be dismissed or stricken, as Plaintiffs have failed to allege any prima facie elements of a claim for refund. Additionally, those claims should be stricken to the extent they seek to evade the statutory cap on recoverable damages in tort claims as articulated in Florida Statute § 768.28(5).

17. Subparagraph (c) of Plaintiffs' claim for relief seeks an Order directing the Comptroller to assign book/page numbers on all MVC instruments recorded since January 1, 2016. Again, this claim for relief should be stricken as Plaintiffs have made no attempt to plead a claim for declaratory judgment or for writ of mandamus. Such claim for relief should also be stricken or dismissed with prejudice as the decision of whether to assign book/page numbers on recorded instruments is clearly a planning-level discretionary governmental function, which is immune from tort liability as articulated by the Florida Supreme Court in *Commercial Carrier Corp. v. Indian River County*, 731 So. 2d 1010 (Fla. 1979) and its progeny.

18. Finally, subparagraph (d) of Plaintiffs' prayer for relief seeks "attorney fees, costs and expenses." Again, this claim for relief should be stricken or dismissed with prejudiced as Plaintiffs have failed to state any statutory, contractual or other legal basis for the recovery of attorney's fees, costs or expenses in this matter.

19. For all of the reasons set forth above, Count VI of the Complaint against the Comptroller should be dismissed or stricken as Plaintiffs have failed to state a cause of action upon which relief can be granted against the Comptroller.

WHEREFORE, the Defendant Orange County Comptroller hereby requests an Order dismissing Count VI of the Complaint and striking those portions of the prayer for damages set forth above.

**I HEREBY CERTIFY** that on August 15, 2016, the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send a notice of electronic filing to Lucas A. Ferrara, Esq., Newman Ferrara LLP, 1250 Boradway, 27th Floor, New York, NY 10001; Soomi Kim, Esq., 2400 South College Drive, High Point, NC 27260; Christopher S. Polaszek, Esq., The Polaszek Law Firm, PLLC, 3407 West Kennedy Blvd., Tampa, FL 33609; Jeffrey M. Norton, Esquire, Newman Ferrara LLP, 1250 Broadway, 27th Floor, New York, NY 10001; Douglas B. Brown, Esquire, Rumberger, Kirk & Caldwell, Post Office Box 1873, Orlando, FL 32802; Leslie S. Garthwaite, Esquire, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; W. L. Kirk, Jr., Esquire, Rumberger, Kirk & Caldwell, 300 S. Orange Avenue, Suite 1400, Orlando, FL 32801; Donna M. Welch, P.C., Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; Jeffrey L. Willian, P.C., Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; Dawn Giebler-Millner, Esquire, Greenberg Traurig, P.A., 450 South Orange Avenue Suite 650, Orlando, FL 32801; Ian S. Marx, Esquire, Greenberg Traurig, LLP, 500 Campus Drive Suite 400, Florham Park, NJ 07932; Philip R. Sellinger, Esquire, Greenberg Traurig, LLP, 500 Campus Drive Suite 400, Florham Park, NJ 07932; and Margaret McGarrity, Esquire, Orange County Comptroller.

        */s/ William E. Lawton*
WILLIAM E. LAWTON, ESQ.
Florida Bar No. 0163236
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
WLawton@drml-law.com
Michelle@drml-law.com
JillB@drml-law.com
Attorneys for Defendant