UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY LENNEN and BETH LENNEN,

    Plaintiffs,

v.       Case No: 6:16-cv-855-Orl-41TBS

MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT VACATIONS WORLDWIDE CORPORATION, MARRIOTT RESORTS TRAVEL COMPANY, INC., MARRIOTT TITLE INSURANCE, MVC TRUST OWNERS ASSOCIATION, FIRST AMERICAN FINANCIAL, FIRST AMERICAN TRUST, FSB, FIRST AMERICAN TITLE COMPANY, ORANGE COUNTY FLORIDA, ORANGE COUNTY COMPTROLLER and MARRIOTT INTERNATIONAL, INC.,

    Defendants.

## ORDER

Pending before the Court are Plaintiffs' Motion for Entry of Default against Orange County, Florida (Doc. 64); Plaintiff's Motion to Strike Orange County's Late-Filed Notice of Joinder And Late-Filed Motion to Dismiss (Doc. 69); and Orange County's Motion for Extension of Time to File Notice of Joinder and Motion to Dismiss Out of Time (Doc. 72). Upon consideration of the docket and the responses to the motions, the motions for entry of default and to strike are due to be denied and the motion for extension of time is due to be granted.

As the County notes, Federal Rule of Civil Procedure 55(a) provides:

    (a) Entering a Default. When a party against whom a judgment

<1t>

> for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Prior to the filing of the instant motion for default, the County appeared and moved for an extension of time to respond to the complaint, joined in the Orange County Comptroller's timely filed motion to dismiss (Docs. 50, 59), and filed its own presently pending motion to dismiss (Doc. 60). On the face of the record, the County has appeared and defended. See Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss … which may prevent default without presently pleading to the merits."). Plaintiffs ask the Court to strike the joinder and motion to dismiss filed by the County, as they were filed after the date set by the Court for responding to the complaint. While the County acknowledges that its filings were untimely, the relief sought by Plaintiffs is not warranted.

The County contends that the delay in filing its papers was minimal and due to an inadvertent clerical error in failing to include the County in the Comptroller's motion to dismiss. The County asks that the Court allow the late filings, noting that its motion to dismiss is all but identical to that filed by the Comptroller and contending that the error constitutes "excusable neglect" which did not prejudice Plaintiffs. In light of this explanation, Plaintiffs' insistence that the County's actions were not innocent, but the result of "blatant and willful disregard for procedure" (Doc. 80) is unsupported and unpersuasive. Moreover, the "prejudice" Plaintiffs complain of (dealing with the instant motion practice relating to the untimely filing) is due in no small part to Plaintiffs' filing for entry of default *after* a motion to dismiss had already been filed.

The striking of a parties' papers and entry of a default is a serious sanction warranted only in egregious circumstances. Those circumstances are not present here. In

view of the County's active participation in this case, the preference for adjudicating cases on the merits, and in the absence of any demonstrable prejudice to Plaintiffs by the short delay in responding to the Complaint, I conclude that a default is not warranted.

Plaintiffs' motions are **DENIED** and the County's motion is **GRANTED**. Plaintiffs shall file their response to the County's motion to dismiss by October 21, 2016.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties