UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY LENNEN and BETH LENNEN,

        Plaintiffs,

v.                                                                                    Case No:  6:16-cv-855-Orl-41TBS

MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT VACATIONS WORLDWIDE CORPORATION, MARRIOTT RESORTS TRAVEL COMPANY, INC., MARRIOTT TITLE INSURANCE, MVC TRUST OWNERS ASSOCIATION, FIRST AMERICAN FINANCIAL, FIRST AMERICAN TRUST, FSB, FIRST AMERICAN TITLE COMPANY, ORANGE COUNTY FLORIDA, ORANGE COUNTY COMPTROLLER and MARRIOTT INTERNATIONAL, INC.,

        Defendants.
                                            /

**ORDER**

THIS CAUSE is before the Court on the Orange County Comptroller's Motion to Dismiss (Doc. 50), Orange County's Motion to Dismiss (Doc. 60), and Plaintiffs' responses (Doc. Nos. 63, 88) thereto.

In their motions, the Orange County Defendants argue that Plaintiffs failed to provide statutorily mandated pre-suit notice in accordance with section 768.28(6) of the Florida Statutes. Plaintiffs do not dispute that notice was not provided prior to the filing of this lawsuit. However, Plaintiffs argue that the Orange County Defendants waived their right to pre-suit notice by failing to inform Plaintiffs that Plaintiffs had not made such a demand and engaging in substantive legal

discussions. As an initial matter, Plaintiffs bear the burden of informing themselves of the prerequisites to filing suit; the Orange County Defendants had no obligation to remind Plaintiffs of the notice requirement. *See Lopez v. Prager*, 625 So. 2d 1240, 1242 (Fla. 3d DCA 1993) ("The county representative had no reason to know that . . . counsel had not notified the Department of Insurance and had no duty to inform it of such requirement. If anything, counsel had knowledge that the prerequisite of notice existed and it was his duty to determine the conditions under which suit is authorized.").

Furthermore, unlike the cases relied upon by Plaintiffs, the Orange County Defendants timely raised the issue in their first responsive pleading with the Court. Plaintiffs have provided no authority for the proposition that an entity entitled to notice under section 768.28(6) can implicitly waive that right where it is timely raised and there is no allegation of undue delay or prejudice to the plaintiff. Here, Plaintiffs have not argued that the Orange County Defendants made any affirmative misrepresentations as to the need or sufficiency of notice or that the Orange County Defendants intentionally delayed asserting the lack of notice in an attempt to procedurally bar Plaintiffs' claims. Accordingly, based on the facts before the Court, the Orange County Defendants have not waived the statutory notice requirement, and Plaintiffs must make such a request prior to bringing claims against either Orange County or the Orange County Comptroller. Therefore, all claims against Orange County and the Orange County Comptroller will be dismissed without prejudice. If feasible, Plaintiffs may seek leave to reassert those claims after notice has been provided in accordance with the law.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Orange County Comptroller's Motion to Dismiss (Doc. 50) and Orange County's Motion to Dismiss (Doc. 60) are **GRANTED in part**. The motions are

granted as set forth in this Order. In all other respects, the motions are denied without prejudice.

2. Defendants Orange County and Orange County Comptroller are **DISMISSED without prejudice**. The Clerk is directed to terminate Orange County and Orange County Comptroller as Defendants in this matter and amend the case-style accordingly.

3. Orange County's Motion for Leave to File a Reply (Doc. 93) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record