**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANTHONY LENNEN and BETH LENNEN,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

vs.

Case No. 6:16-cv-855-Orl-41TBS

MARRIOTT OWNERSHIP RESORTS, INC.,
MARRIOTT VACATIONS WORLDWIDE
CORPORATION, d/b/a MARRIOTT
VACATION CLUB, MARRIOTT RESORTS
TRAVEL COMPANY, INC., d/b/a MVC
EXCHANGE COMPANY, MARRIOTT
TITLE INSURANCE, MVC TRUST OWNERS
ASSOCIATION, FIRST AMERICAN
FINANCIAL, FIRST AMERICAN TRUST,
FSB, FIRST AMERICAN TITLE COMPANY,
ORANGE COUNTY FLORIDA, ORANGE
COUNTY COMPTROLLER, MARTHA O.
HAYNIE, and MARRIOTT
INTERNATIONAL, INC.

    Defendants.
_____/

**MARRIOTT DEFENDANTS AND FIRST AMERICAN
DEFENDANTS' NOTICE OF RECENT AMENDMENT TO THE
FLORIDA VACATION PLAN AND TIMESHARING ACT IN FURTHER
SUPPORT OF THEIR MOTIONS TO DISMISS THE COMPLAINT**

This Notice is being submitted to alert the Court to a recent amendment ("Amendment") to the Florida Vacation Plan and Timesharing Act, Fla. Stat. § 721.01, *et seq*. ("Timeshare Act"), in further support of the Marriott Defendants'[1] and the First American Defendants' Motions to Dismiss the Complaint (*see* Doc. Entries 77, 78, and 79, filed September 15, 2016). This Amendment is of crucial importance to this case because it clarifies the definitions of the words "Interestholder" and "encumbrance" -- key concepts that go to the very heart of the Complaint. *See* Compl. and Pl. Omnibus Mem. (Doc. Entry 104), *passim* (alleging, *inter alia*, that the MVC Trust is not a valid trust under Florida law because beneficial interests in the Trust are not sold "free and clear of the claims of any Interestholder" and that the Condominium Declarations of the Component Sites are "encumbrances" on the titles to the beneficial interests (BIs) in the MVC Trust but are not noted as such).

On May 23, 2017, Governor Rick Scott signed into law SB-818 (attached hereto as Exhibit A), which amends Section 721.05(21) of the Timeshare Act by adding a subsection (b) to clarify that, for purposes of a "multisite timeshare plan" (e.g., the MVC Product), an "Interestholder" does <u>not</u> include any person or entity that has an interest in, or lien on, the underlying condominium or property:

> (b) With respect to a multisite timeshare plan governed by part II which contains a component site that is also part of a single-site timeshare plan or condominium or other property regime, the term [Interestholder] … does not include a developer; an owner of the underlying fee or owner of the underlying personal property; a mortgagee, judgment creditor, or other lienor; or any other person having an interest in or lien or encumbrance against a timeshare interest in such

---

[1] Capitalized terms and abbreviations are as defined in the brief submitted in support of the Marriott Defendants' Motion to Dismiss the Complaint (*see* Doc. Entry 77).

single-site timeshare plan, or an interest in or lien or encumbrance against a timeshare unit or other unit in such condominium or property regime. This paragraph is intended only as a clarification of existing law.

The Amendment also adds a subsection (11) to Section 721.08 to clarify that "encumbrance" does <u>not</u> include a declaration of condominium for a component site:

> (11) A timeshare instrument, declaration of condominium, or other instrument establishing or governing a component site property regime is not an encumbrance for purposes of this chapter and does not create a requirement for a nondisturbance and notice to creditors instrument for purposes of this section [721.08] or a subordination and notice to creditors instrument for purposes of s. 721.53 from the managing entity, owners' association, or any other person. This subsection is intended only as a clarification of existing law.

These clarifications of existing law[2] confirm the arguments the Marriott Defendants and the First American Defendants made in the briefs submitted in support of their Motions to Dismiss ("Moving Briefs") (*see, e.g.,* Doc. Entry 77 at 12-24; Doc. Entry 79 at 8-16, 19-24) and concomitantly decimate much of the Complaint, which Plaintiffs allege both as BI Owners and Legacy Owners.[3]

### A. The Amendment Defeats Most of the Central Allegations of the Complaint

As BI Owners, Plaintiffs make several allegations that are key to their claims and relate specifically to the terms clarified by the Amendment. <u>First</u>, Plaintiffs allege that the MVC Product does not satisfy the requirements of a timeshare trust under §721.08(2)(c)4(b) because that subsection requires that "any lien or other encumbrance … shall be made subject to a nondisturbance and notice to creditors instrument" and no such instrument was

---

[2] As a clarification of existing law, application of the Amendment to Plaintiffs' pending claims raises no question of retroactivity.

[3] What remains of the Complaint after the Amendment is effectively addressed in the Moving Briefs.

2

obtained from the Legacy Owners (who Plaintiffs allege are "Interestholders") with respect to the Component Sites. *See, e.g.*, Compl. ¶¶ 185-98, 368-69.  Second, Plaintiffs allege that the BI title policies were invalidly issued or breached because they fail to note that the Condominium Declarations for the Component Sites are "encumbrances" on the BIs being acquired. *See e.g., id.* at ¶¶ 265, 275.  Third, Plaintiffs allege that the BIs were invalidly and improperly transferred by Marriott and improperly released by First American as escrow agent because, under the Timeshare Act, before a deed can be released by the escrow agent, it must be "free and clear of the claims of any Interestholder" or be "the subject of a recorded nondisturbance and notice to creditors instrument." *See, e.g., id.* at ¶¶ 187, 191, 363-68, 384, 518.  Fourth, Plaintiffs allege that the MVC Product is not a valid "multisite timeshare plan" because the Timeshare Act requires that "each Interestholder" must have "executed and recorded a nondisturbance and notice to creditors instrument" or "executed a subordination and notice to creditors instrument," which the Legacy Owners of the Component Sites did not do. *See, e.g., id.* at ¶¶ 195, 368.

The Amendment's clarifications of the definitions of "Interestholder" and "encumbrance" demonstrate that these allegations fail as a matter of Florida law.  First, the MVC Product satisfies the requirements of a timeshare trust under §721.08(2)(c)4(b) because Section 721.08(11) makes clear that the Condominium Declarations for the Component Sites are not "encumbrances" to the BIs' titles and that no "nondisturbance and notice to creditors instrument" was required.  Moreover, the fact that the requirements of a timeshare trust are satisfied means that (notwithstanding Plaintiffs' repeated claims to the contrary) the BIs are "timeshare estates" and, thus, "real property" under Florida law. *See* ¶ 721.05(34) (providing

that a Timeshare Estate includes "an interest in a trust" and is deemed "a parcel of real property under the laws of this state"). And, as real property, the BI deeds are valid so long as the BIs are sufficiently identified, which they are because beneficial interests in a trust do not lend themselves to a metes-and-bounds description. Given the Amendment's clarifications to the definitions of "Interestholder" and "encumbrance," Plaintiffs' other three contentions are similarly invalid.

Likewise, to the extent Plaintiffs allege claims on behalf of themselves as Legacy Owners due to their supposed status as "Interestholders" under the Timeshare Act, the Amendment shows that those claims are also without merit. *See* § 721.05(21)(b) (as amended) (clarifying that, for purposes of a multisite timeshare plan, e.g., the MVC Product, "Interestholder" does not include a person or entity that owns the underlying condominium); *see also* Comp. ¶ 225 (alleging that, as "Interestholders" in the Component Sites, they "are subject to various harms from the MVC Product"); *see also id.* at ¶ 39 (alleging that, as "Interestholders," they "have had their interest in the Legacy Timeshare Estates materially diluted and their rights *vis-à-vis* the Legacy Timeshare Condominiums . . . infringed upon").

### B. The Amendment Effectively Eliminates Several of Plaintiffs' Claims

As the Marriott Defendants and the First American Defendants explained in their Moving Briefs, the lack of clarity and the degree of overlap in Plaintiffs' claims make it difficult to identify exactly what is being pled. With that caveat, the Marriott Defendants and the First American Defendants submit that the Amendment effectively eliminates several of Plaintiffs' claims in whole or in part. Claims that should be dismissed in whole due to the Amendment include Count II (alleging that BI title policies are defective due to failure to

disclose the Condominium Declarations as "encumbrances" and, therefore, "known title defects," *see* Compl. ¶¶ 252, 260-61); Count IV (alleging that BI deeds are voidable because the Condominium Declarations are "encumbrances [that First American] had actual knowledge of," *see id.* at ¶¶ 273-74); Count XI (alleging breach of duty by escrow agent because Legacy Owners are supposedly "Interestholders" from whom escrow agent failed to obtain "Nondisturbance and Notice to creditor instruments," *see id.* at ¶¶ 363-71); Count XII (alleging timeshares were improperly transferred to the MVC Trust because they were not "free and clear from [rights] of Interestholders," *see id.* at ¶¶ 383-84); and RICO Count I (alleging improper release of escrow funds because BIs were subject to Legacy Owners' interests as "Interestholders" and were "encumb[ered]" by Condominium Declarations). *See id.* at ¶¶ 515-20.

Counts that should be dismissed in part due to the Amendment include Count I (seeking to void BI deeds because "Marriott has not effectuated a real property closing," *see id.* at ¶ 249, an allegation that is premised on the incorrect assumptions that the BIs are not "timeshare estates" and, thus, not "real property" under Florida law and that BIs in a trust cannot be transferred without a metes-and-bounds description); Count IX (alleging failure to satisfy trust requirements set forth in Section 721.08, which includes the requirement to file a nondisturbance notice to creditors instrument for any "encumbrance," *see id.* at ¶ 336); RICO Count II (alleging that "the transfer of Legacy Timeshare Estates to the MVC Land Trust does not constitute a valid transfer to a trust meeting the requirements of § 721.08(2)(C)(4)," which includes the requirement that the trustee "have no authority to … encumber trust property except as directed," *see id.* at ¶ 536); and RICO Count III (seeking punitive

damages for "intentionally violating Fla. Stat. § 721.08," which includes the requirement to file a nondisturbance notice to creditors instrument for any "encumbrance." *See id.* at ¶ 542.[4]

We appreciate the Court's time and attention to this matter.

Date: June 7, 2017

/s/ Dawn I. Giebler-Millner
**Dawn I. Giebler-Millner, Esq.**
Florida Bar No. 856576
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
Primary: gieblerd@gtlaw.com
Secondary: culpepperd@gtlaw.com
Secondary: FLService@gtlaw.com

- and -

Philip R. Sellinger (admitted *pro hac vice*)
   SellingerP@gtlaw.com
Ian S. Marx (admitted *pro hac vice*)
   MarxI@gtlaw.com
Roger B. Kaplan (admitted *pro hac vice*)
   KaplanR@gtlaw.com
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

*Attorneys for Defendants Marriott Ownership Resorts, Inc., Marriott Vacations Worldwide Corp., Marriott Resorts Travel Company, Inc., Marriott Resorts Title Company, Inc., and Marriott International, Inc.*

/s/ Douglas B. Brown, Esq.
**Douglas B. Brown, Esq.**
Florida Bar No. 0242527

---

[4] The Counts listed above (as well as the other Counts in the Complaint) are also facially defective for the additional reasons discussed in the Moving Briefs.

**W.L. Kirk, Jr., Esq.**
Florida Bar No. 0111973
**RUMBERGER, KIRK & CALDWELL, P.A.**
P.O. Box 1873
Orlando, FL 32802-1873
Telephone: (407) 872-7300
Facsimile: (407) 841-2133
Primary: dbrown@rumberger.com
 bkirk@rumberger.com
Secondary: docketingorlando@rumberger.com
Secondary: dbrownsecy@rumberger.com
 bkirksecy@rumberger.com

- and -

Jeffrey L. Willian, P.C. (admitted *pro hac vice*)
Jwillian@kirkland.com
Donna M. Welch, P.C. (admitted *pro hac vice*)
Donna.welch@kirkland.com
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants First American Financial, First American Trust, FSB, and First American Title Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of June 2017, I electronically filed the foregoing **Marriott Defendants and First American Defendants' Notice of Recent Amendment to the Florida Vacation Plan and Timesharing Act in Further Support of their Motion to Dismiss the Complaint** with the Clerk of the Court by using the CM/ECF system.

/s/ Dawn I. Giebler-Millner, Esq.
**Dawn I. Giebler-Millner, Esq.**