# EXHIBIT E

DOC# 20100149464 B: Page P: 4176
03/16/2010 10:26 AM  Page 1 of 6
Rec Fee: $52.50
Deed Doc Tax: $0.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
Ret To: SIMPLIFILE LC

For Recording Purposes Only

**THIS INSTRUMENT PREPARED BY
AND SHOULD BE RETURNED TO:**

Michael W. Andrew, Esq.
Marriott Ownership Resorts, Inc.
6649 Westwood Boulevard
Orlando, Florida 32821-6090
Telephone: (407) 206-6439

## MEMORANDUM OF TRUST AGREEMENT
### (MVC TRUST)

This Memorandum of Trust Agreement ("**Memorandum**") is made as of this 11th day of March, 2010, by Marriott Ownership Resorts, Inc., a Delaware corporation, whose address is 6649 Westwood Boulevard, Orlando, Florida 32821-6090 ("**Developer**"), First American Trust, FSB, a federal savings bank, solely as Trustee of Land Trust No. 1082-0300-00 (a.k.a MVC Trust), whose address is c/o First American Trust, FSB, Fiduciary Business Services, 5 First American Way, 4th Fl - MS#3, Santa Ana, CA 92707, ("**Trustee**"), and MVC Trust Owners Association, Inc., a Florida corporation not for profit, whose address is 6649 Westwood Boulevard, Orlando, Florida 32821-6090 ("**Association**").

A.      Developer, as settlor, has established a land trust (the "**Trust**") in accordance with Section 689.071, *Florida Statutes* and pursuant to that certain MVC Trust Agreement by and among Developer, Trustee, and Association, dated March 11, 2010 ("**Trust Agreement**"), shall submit certain real property into such Trust from time to time ("**Trust Property**"), each submission of which shall be evidenced by the recordation of a Notice of Addition of Property to MVC Trust in the Public Records of Orange County, Florida.

B.      Developer has established a timeshare plan with respect to the Trust Property, which timeshare plan is known as Marriott Vacation Club Destinations (the "**Trust Plan**"). Owners of beneficial interests in the Trust ("**Interests**") will be the beneficiaries of the Trust ("**Beneficiaries**") and will receive, at closing, a deed conveying an Interest in the Trust. Each Interest constitutes a Florida timeshare estate under Chapter 721, *Florida Statutes*, and thereby is considered a Florida real property interest.

C.      All legal and equitable title to the Trust Property shall be held by Trustee, as trustee of the Trust.

D.      Upon conveyance of any property to Trustee by Developer (or at Developer's direction), all Interests in the Trust created by the submission of the property by Developer shall immediately and automatically vest in Developer, and any deeds conveying such Interests to purchasers thereof shall be recorded in the Public Records of Orange County, Florida.

E.      Developer intends to sell Interests in the Trust to purchasers of such Interests.

F.      Pursuant to the Trust Plan, the Beneficiaries of the Trust shall have certain rights and obligations with respect to the use and occupancy of the Trust Property.

G.      Any lien on an Interest in the Trust shall be perfected only upon the recording of a mortgage or other legally sufficient notice of such lien in the Public Records of Orange County, Florida.

511949-5(03.12.10)                                        1

H.      Any mortgage or other notice of a lien on an Interest shall constitute a lien only on such Interest and no such instrument or filing shall act as a lien on or otherwise encumber Trustee's title to the Trust Property or any other Beneficiary's Interest.

I.      An Interest in the Trust may be conveyed by any party holding record title to such Interest, as evidenced by a deed to such Interest previously recorded in the Public Records of Orange County, Florida; provided, however, that Developer shall have a right of first refusal to purchase such Interest. Such right of first refusal includes the requirement that each Beneficiary notify Developer in writing of its intent to sell and provide Developer with a copy of the offer received. Such notice shall include the full terms and conditions of the sale, and the full name and primary address of the prospective true buyer (as distinguished from agents and intermediaries). Notice of a Beneficiary's intent to sell shall be sent to Developer at 6649 Westwood Boulevard, Orlando, Florida 32821-6090, or such other department or address as may be designated by Developer from time to time. Developer shall have thirty (30) days after receipt of such notice to exercise its option to purchase the Interest at the same price and on the same monetary terms and conditions as the verified offer. If Developer does not notify the Beneficiary of its election to purchase the Interest within such thirty (30) day period, then the Beneficiary may sell the Interest to the subject bona fide offeror, subject to the Trust Agreement and to all limitations set forth in the Trust Agreement, at a price not lower than that which was offered to Developer. In addition, any permitted sale between a Beneficiary and a bona fide third party shall be deemed to contain a provision requiring that any sums due to the Association as assessments must be paid in full as a condition of closing of the sale. Should, however, such sale to a third party not be consummated within four (4) months after the date the offer is transmitted to Developer at the price and on terms equal to or less favorable to purchaser than those offered to Developer, the terms and limitations of this right of first refusal shall again be imposed on any sale. If Developer elects to purchase such Interest, the transaction shall be consummated on the terms offered; provided, however, that Developer shall have a minimum of thirty (30) days from the delivery of notice of Developer's election to exercise Developer's option under this right of first refusal to consummate the transaction. The right of first refusal does not apply to sales under powers contained in mortgages and similar instruments or to transfers upon the death of a Beneficiary, a divorce decree, a gift or bequest of an Interest from a Beneficiary to his/her spouse, to his/her direct descendants, to the trustee of a trust or other entity established primarily for the benefit of the Beneficiary, his/her spouse or his/her descendants, or to the Beneficiary's legal guardian, but the provisions of this paragraph shall apply to any further assignment (whether voluntarily, by operation of law, at judicial sale, or otherwise) by said Beneficiary's spouse, direct descendants, such trustees, or such guardian to the same extent that such provisions would have applied to said Beneficiary. Developer's right of first refusal as set forth herein shall also be binding upon any successor in title to a Beneficiary, the same being a covenant running with the land. In addition to any available remedies at law or in equity, Developer may impose an administrative charge, not to exceed One Dollar ($1.00) U.S. per Point, in connection with the waiver of this right of first refusal.

J.      Pursuant to each deed or other instrument of conveyance of the Trust Property to Trustee by or on behalf of Developer, certain easements and other rights with respect to the Trust Property shall be reserved to Developer as the developer of the Trust Plan and more specifically set forth in such conveyance instruments.

K.      Trustee may be substituted upon recording of a memorandum of substitution of trustee in the public records of Orange County, Florida. A substitution will automatically vest the title to the Trust Property in the name of the successor Trustee without the need for any further conveyance.

L.      Trustee shall have a lien against each Beneficiary's Interest for the proportionate amount of any of Trustee's expenses payable by such Beneficiary in accordance with and subject to the terms and conditions of the Trust Agreement.

M.      Developer may also record a separate Memorandum of Trust Agreement in the public records (or similar method of legally registering documents for public notice) of the jurisdiction where any particular Trust Property is located or include notice of this Memorandum and its contents by making specific reference to it and including certain operative provisions hereof in any deed or other instrument of conveyance by which title is conveyed to Trustee and recorded in such jurisdiction.

N.      Association is executing this Memorandum to evidence its consent to the terms of this Memorandum and the Trust Agreement.

511949-5(03.12.10)                                   2

Witnesses:

_____
Witness for 1st officer

ROBERT KRICK
Print Name

_____
Witness for 1st officer

KAREN SWENSON
Print Name

_____
Witness for 2nd officer

ROBERT KRICK
Print Name

_____
Witness for 2nd officer

KAREN SWENSON
Print Name

(FIRST OFFICER)

**"TRUSTEE"**

First American Trust, FSB, a federal savings bank, solely as Trustee of Land Trust No. 1082-0300-00 (a.k.a MVC Trust)

By: _____

Name: _____Robert Graham_____

Its: _____Vice President_____

By: _____

Name: _____E.A. Markworth_____

Its: _____Vice Pres.____

## CALIFORNIA ACKNOWLEDGMENT

STATE OF CALIFORNIA )
                     ) SS.
COUNTY OF __ORANGE__ )

On __March 12, 2010__ before me, __Scott J. Miyashiro__, a Notary Public, personally appeared __Robert Graham and E.A. Markworth__, as __Trustee__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (NOTARY SEAL)

_____
Notary Public
Print Name __Scott J. Miyashiro__
Commission No. __1696772__

SCOTT J. MIYASHIRO
Commission # 1696772
Notary Public - California
Orange County
My Comm. Expires Sep 30, 2010

511949-5(03.12.10)                    4

O.    This Memorandum may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have set their respective authorized signatures as of the day and year set forth below.

Witnesses:

_____
Witness

DONNA M. HAYES
Print Name

_____
Witness

Heather D. Yeadon
Print Name

**"DEVELOPER"**

**Marriott Ownership Resorts, Inc.**, a Delaware corporation

By:_____

Print Name: Ralph Lee Cunningham

As its: Vice President


STATE OF FLORIDA           )
                           )  SS.
COUNTY OF ORANGE           )

The foregoing instrument was acknowledged before me this ___12___ day of March 2010, by Ralph Lee Cunningham, as Vice President of **Marriott Ownership Resorts, Inc.**, a Delaware corporation.  (S)He is personally known to me or has produced _____N/A_____ as identification.

(NOTARY SEAL)

> **JANET L COPE**
> MY COMMISSION # DD738564
> EXPIRES December 03, 2011
> (407) 398-0153    FloridaNotaryService.com

_____
Notary Public
Print Name  JANET L. COPE
Commission No. DD738564

*[THIS PAGE INTENTIONALLY LEFT BLANK]*

Witnesses:

"ASSOCIATION"

**MVC Trust Owners Association, Inc.,** a Florida
corporation not-for-profit

_____
Witness

By:_____

DONNA  M. HAYES
Print Name

Print Name: James T. Snyder

_____
Witness

As its: President_____

Heather D. Yeaden
Print Name

STATE OF FLORIDA    )
                    )  SS.
COUNTY OF ORANGE  )

  The foregoing instrument was acknowledged before me this ____12____ day of March 2010, by _____ JAmes T. SNyder , as PResideNT of MVC Trust Owners **Association, Inc.,** a Florida corporation not-for-profit.  (S)He is personally known to me or has produced _____ _____as identification.

(NOTARY SEAL)

JANET L COPE
MY COMMISSION # DD738564
EXPIRES December 03, 2011
(407) 398-0153    FloridaNotaryService.com

Notary Public _____
Print Name  JANET L. Cope
Commission No.  DD738 564

511949-5(03.12.10)                    6