# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

## CASE NO. 6:16-cv-00855-CEM-TBS

**ANTHONY LENNEN and BETH LENNEN,**
**individually and on behalf of all others**
**similarly situated,**

**Plaintiffs,**

**v.**

**MARRIOTT OWNERSHIP RESORTS, INC.,**
**MARRIOTT RESORTS HOSPITALITY**
**CORPORATION, MARRIOTT RESORTS,**
**TRAVEL COMPANY, INC. (d/b/a MVC**
**EXCHANGE COMPANY), MVC TRUST**
**OWNERS ASSOCIATION, INC., MARRIOTT**
**RESORTS TITLE COMPANY, INC., FIRST**
**AMERICAN FINANCIAL CORPORATION,**
**FIRST AMERICAN TRUST, FSB, FIRST**
**AMERICAN TITLE INSURANCE COMPANY,**
**and ORANGE COUNTY FLORIDA**

**Defendants.**

_____/

## DEFENDANT ORANGE COUNTY'S
## MOTION TO DISMISS COUNT IV OF THE AMENDED COMPLAINT
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, ORANGE COUNTY, by and through undersigned counsel, hereby moves to

dismiss Count IV of the Amended Complaint in the above matter and as grounds therefore would

state as follows:

On January 4, 2017, this Court granted Motions to Dismiss on behalf of both Orange

County and the Orange County Comptroller (Docs. 50 and 60, respectively).  On January 4,

2017, this Court entered an Order granting both Motions, expressly stating "…all claims against

Orange County and the Orange County Comptroller will be dismissed without prejudice. If

feasible, Plaintiffs may *seek leave to reassert those claims* after notice has been provided in accordance with the law." (Doc. 112, emphasis supplied).

The Court's Order also instructed the Clerk to "terminate Orange County and Orange County Comptroller as Defendants in this matter and amend the case-style accordingly." *Id.* Accordingly, as of January 14, 2017, Orange County and the Orange County Comptroller were no longer parties to this litigation.

The Case Management and Scheduling Order governing this action was entered on October 14, 2016.  (Doc. 85).  Pursuant to that Order, the deadline to add parties or amend pleadings expired on October 25, 2016.   Accordingly, both the Case Management and Scheduling Order and the Order dismissing Orange County and Orange County Comptroller as Defendants in this action required Plaintiffs to seek leave of court prior to attempting to reassert any claims against these Defendants.

Subsequent to the Order dismissing Orange County and the Orange County Comptroller, Plaintiffs continued to litigate this matter against the remaining Defendants.    On September 27, 2017, this Court entered an order (Doc. No. 120) dismissing Plaintiffs' Complaint (Doc. No. 1) without prejudice. That Order required Plaintiffs to file an Amended Complaint by October 11, 2017.

Presumably out of respect for the Court's delineated deadline, Plaintiffs filed a Motion to Extend the Deadline for Filing an Amended Complaint (Doc. No. 122), which the Court granted. Plaintiffs then filed an Amended Complaint (Doc. No. 124) on October 25, 2017.  Despite the clear language of the Court's January 14, 2017 Order and the Case Management and Scheduling Order (Docs. 112 and 85, respectively), Plaintiffs never sought leave of court to reassert any claims against Orange County.

Because Plaintiffs' Amended Complaint against Orange County was filed without leave of court, it is a legal nullity. See, *Woide v. Ramsey & Associates Mortgage Co.*, 6:16-CV-1781 ORL40 KRS, 2016 WL 10564854 (M.D. Fla. Dec. 5, 2016), report and recommendation adopted sub nom. (M.D. Fla. Mar. 1, 2017). For this reason alone, the complaint should be dismissed.

The gravamen of Plaintiffs' complaint against Orange County is that the County improperly recorded various legal instruments. The conduct complained of is not performed by Orange County itself, but by the Orange County Comptroller which is a separate legal entity. Plaintiffs have acknowledged that, per the Laws of Florida 72-461, the statutory duty to record legal instruments of the type at issue in this litigation is performed by the Orange County Comptroller. (*See,* Am. Compl. Ex. S). Accordingly, Orange County is an improper party Defendant in this litigation, and the Amended Complaint should be dismissed as to the County.

The law of Florida is longstanding and well established that Orange County has no discretion as to whether to record a properly executed deed. This statutory duty arises from the requirements of F.S. § 28.222. As stated by the Florida Attorney General in Advisory Legal Opinion AGO 75-309:

> The [comptroller] is required to record any deed properly executed
> upon proper payment of the clerk's service charge if such deed is
> otherwise entitled to recordation under s. 28.222, F. S.

This Advisory Legal Opinion goes on to cite *Pan American World Airways v. Gregory*, 96 So. 2d 669 (Fla. 3d DCA 1966) for the longstanding proposition that the recording of a deed is a legal ministerial duty. As such, the recording officer has no discretion in varying from the statutory directive.

The Plaintiffs claim that the subject Deeds are legally defective in that their property descriptions are insufficient. Again, the law of Florida is well established that properly executed

3

deeds must be recorded even if the legal description is invalid. (Florida Attorney General Advisory Legal Opinion 44-86, March 17, 1944).

In AGO 44-86, the Florida Attorney General was asked to review a circumstance in which the Collier County Clerk of the Circuit Court believed the legal description on a warranty deed presented for recording to be deficient and likely to cloud title to surrounding property. In finding that the Clerk of the Court had no discretion in performing its statutory duties in recording the deed, the Attorney General stated in part:

> I hardly think that a clerk of court should take upon himself the responsibility of examining every deed that is submitted to him for record and passing upon whether or not the description contained therein is adequate.

AGO 44-86. Florida Statute § 28.222 imposes no such duty and it was clearly not the Legislature's intent to place such an onerous burden upon Orange County or the Comptroller.

The findings in AGO 75-309 and AGO 44-86 have never been questioned or departed from by any Florida Court. The law of Florida is clear; the Orange County Comptroller had no option but to record the legal instruments described in the Complaint.

Additionally, the Amended Complaint should be dismissed as to Orange County, as Orange County is shielded from Plaintiffs' claim by sovereign immunity. Florida Statute § 768.28(5) provides a waiver of the State's sovereign immunity, but only to the extent articulated in that Section. To hold Orange County liable for negligence, Plaintiffs must demonstrate that the County owed the Plaintiffs either a statutory or common law duty of care that was breached, and that the County's conduct was operational rather than planning. *Kaisner v. Kolb*, 543 So. 2d 732 (Fla. 1989); *Trianon Park Condominium Ass'n v. City of Hialeah*, 468 So. 2d 912 (Fla. 1985).

The Orange County Comptroller is required to record, index and maintain documents relating to real property in the public records of Orange County, Florida. (F.S. § 28.222). Plaintiffs are unable to articulate any definable class of individuals that F.S. §28.222(1) is designed to protect other than the public at large.  Because no definable class of individuals can be identified, Plaintiffs are unable to allege a specific relationship and duty between the County and an individual at risk.

The Plaintiffs make no allegation of operational negligence in the process of recording the subject deeds.   Instead, Plaintiffs allege that the mere act of recording the deeds was somehow negligent.   The very basis of their claim against Orange County is that the subject deeds were properly recorded pursuant to F.S. § 28.222.   It is axiomatic that the decision to record the subject deeds is a planning level decision.   As such, Orange County is entitled to summary judgment as to Count IV of the Amended Complaint.  *Kaisner v. Kolb*, 543 So. 2d 732 (Fla. 1989); *Trianon Park Condominium Ass'n v. City of Hialeah*, 468 So. 2d 912 (Fla. 1985).

WHEREFORE, Defendant, ORANGE COUNTY, respectfully requests this Honorable Court enter an Order dismissing Count IV of the Amended Complaint with prejudice.

**I HEREBY CERTIFY** that on December 21, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to:

Lucas A. Ferrara, Esq.
Jeffrey M. Norton, Esq.
Newman Ferrara LLP
1250 Broadway, 27th Floor
New York, NY  10001

Soomi Kim, Esq.
2400 South College Drive
High Point, NC  27260

Christopher S. Polaszek, Esq.
The Polaszek Law Firm, PLLC
3407 West Kennedy Blvd.
Tampa, FL 33609

W.L. Kirk, Esq.
Douglas B. Brown, Esq.
Rumberger, Kirk & Caldwell
Post Office Box 1873
Orlando, FL 32802

Donna M. Welch, Esq.
Leslie S. Garthwaite, Esq.
Jeffrey L. William, Esq.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL  60654

Dawn Giebler-Millner, Esq.
Greenberg Traurig, P.A.
450 South Orange Avenue
Suite 650
Orlando, FL  32801

Ian s. Marx, Esq.
Philip R. Sellinger, Esq.
Greenberg Traurig, LLP
500 Campus Drive
Suite 400
Florham Park, NJ  07932

Alfred J. Bennington, Jr., Esq.
Clay A. Deatherage, Esq.
Harold E. Morlan, III, Esq.
Shutts & Bowen, LLP
Post Office Box 4956
Orlando, FL 32802

/s/ John T. Conner
WILLIAM E. LAWTON, ESQ.
Florida Bar No. 0163236
JOHN T. CONNER, ESQ.
Florida Bar No. 0706701
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928

Tel:  407-422-4310    Fax:  407-648-0233
WLawton@drml-law.com
JConner@drml-law.com
Attorneys for Defendant Orange County