UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY LENNEN and BETH LENNEN,**

   **Plaintiffs,**

v.                Case No: 6:16-cv-855-Orl-41TBS

**MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT RESORTS TRAVEL COMPANY, INC., MARRIOTT RESORTS TITLE COMPANY, INC., MVC TRUST OWNERS ASSOCIATION, INC., FIRST AMERICAN FINANCIAL CORPORATION, FIRST AMERICAN TRUST, FSB, FIRST AMERICAN TITLE INSURANCE COMPANY, ORANGE COUNTY FLORIDA and MARRIOTT RESORTS HOSPITALITY CORPORATION,**

   **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Motion for Partial Reconsideration (Doc. 182), wherein Plaintiffs seek partial reconsideration of the Court's September 6, 2018 Order (Doc. 176) denying Plaintiffs' Motion to Suspend, or in the Alternative Amend, the Scheduling Order (Doc. 160). Defendants' filed a Response in opposition (Doc. 187).[1] For the reasons stated below, Plaintiffs' Motion will be denied.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of

---

[1] Defendant Orange County Florida does not oppose Plaintiffs' requested relief.

interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

Here, Plaintiffs assert that they have acquired new evidence warranting this Court's reconsideration of its previous Order. Specifically, Plaintiffs allege that Defendants' previous objection to their request for an extension of discovery was disingenuous as Defendants' counsel have since conferred with Plaintiffs' counsel regarding extending the trial date. Even if true, Plaintiffs' argument does not provide a sufficient basis for this Court to reconsider its previous

Order.[2] Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Partial Reconsideration (Doc. 182) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] To the extent that Plaintiffs assert that manifest injustice will result if discovery is not extended, the Motion will be denied. Plaintiffs already had the opportunity to raise such an argument.