**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

ANTHONY LENNEN and BETH LENNEN,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

vs.

MARRIOTT OWNERSHIP RESORTS,
INC., MARRIOTT RESORTS
HOSPITALITY CORPORATION,
MARRIOTT RESORTS, TRAVEL
COMPANY, INC. (d/b/a MVC EXCHANGE
COMPANY), MVC TRUST OWNERS
ASSOCIATION, INC., MARRIOTT
RESORTS TITLE COMPANY, INC.,
FIRST AMERICAN FINANCIAL
CORPORATION, FIRST AMERICAN
TRUST, FSB, FIRST AMERICAN TITLE
INSURANCE COMPANY, and ORANGE
COUNTY FLORIDA

    Defendants.

                                 /

Case No. 6:16-cv-855-Orl-CEM-TBS

**MARRIOTT DEFENDANTS' FED. R. CIV. P. 12(c) MOTION FOR
JUDGMENT ON THE PLEADINGS ON COUNT I OF
<u>THE AMENDED CLASS ACTION COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 12(c), Marriott Ownership Resorts, Inc. ("MORI"), Marriott Resorts Hospitality Corporation, Marriott Resorts, Travel Company, Inc., and Marriott Resorts Title Company, Inc. (these four defendants collectively, "Marriott Defendants") respectfully request that, given the Court's March 31, 2019 Order on the Marriott Defendants' Dispositive Motion to Dismiss the Amended Complaint ("Order"), the Court enter judgment on the pleadings in the Marriott Defendants' favor on Count I of the Amended Class Action Complaint.

## INTRODUCTION

For almost three years now, Plaintiffs have challenged the legality of the Marriott Defendants' points-based timeshare plan and product (the Marriott Plan ("MVC Plan")) and the MVC Trust, a Florida land trust ("MVC Trust") in which Plaintiffs have purchased beneficial interests. Throughout this case, Plaintiffs have criticized the MVC Plan and MVC Trust as "equal parts creative and criminal" (Am. Compl. ¶ 93) and "akin to money laundering." *Id.* at ¶ 96. Adept as they are at coming up with such hyperbole and inflammatory phrases, Plaintiffs have been unable to do the one thing that was required of them to prevail in this lawsuit: prove that the MVC Plan and MVC Trust do not comply with Florida law.

The Court's March 31, 2019 Order on Defendants' motions to dismiss made this abundantly clear. Contrary to the assumptions on which Plaintiffs' entire lawsuit is based, the Court held that, pursuant to Florida law, the beneficial interests in the MVC Trust that are sold to Plaintiffs and other purchasers under the MVC Plan are real property and, as such, must be conveyed by deed. From these fundamental holdings, the Court further

1

concluded that MORI was required to convey the beneficial interests by deed (as it did by filing the MVC Consumer Deeds) and that it had the legal capacity to do so.

In Count I (the sole remaining claim against the Marriott Defendants), Plaintiffs allege that the MVC Consumer Deeds are void because they lack valid descriptions of the property interests being conveyed. This allegation, however, is based on cases in which physical parcels of real property were being conveyed. In none of those cases were the courts being asked to assess the sufficiency of a deed that, like the MVC Consumer Deeds, conveys intangible beneficial interests that are deemed real property under the Florida Land Trust Act, Fla. Stat. § 689.071 *et seq.,* and the Florida Vacation Plan and Timesharing Act, Fla. Stat. § 721.01 *et seq.* ("Florida Timeshare Act"). This motion presents the question whether the Florida common law upon which Plaintiffs have relied has been supplanted by Section 689.071.

The Florida Legislature, which is presumed to be aware of pertinent Florida common law when it enacts statutes, must be deemed to have been cognizant of the cases on which Plaintiffs have relied when it adopted the Florida Land Trust Act and declared that beneficial interests are real property, subject to being conveyed by recorded deeds. The comprehensive regulatory structure created by the Florida Land Trust Act was plainly and undeniably intended to supplant common law by allowing beneficial interests, as real property, to be conveyed by deed, despite not providing metes-and-bounds information, as would be required for conveyance of physical real properties.

The MVC Consumer Deeds nonetheless include sufficient information to describe the beneficial interests being conveyed: the trust; the trust's date, number and signatories;

the trustee; the grantor of the beneficial interest (MORI), and the grantee (the beneficiary). The deeds also set forth the number of beneficial interests being conveyed (identified by an alphanumeric code). Given the Court's determination that the beneficial interests are real property that <u>must</u> be conveyed by deed, the Court should now rule that the MVC Consumer Deeds adequately describe the real property interests being conveyed. Count I should be dismissed with prejudice.

## BACKGROUND

As concisely explained in the Court's Order on the motions to dismiss, this dispute arises out of timeshares purchased by Plaintiffs. On January 24, 2008, Plaintiffs purchased two timeshare estates in Marriott's[1] weeks-based Legacy timeshare program, which is a single-site timeshare plan in which purchasers are deeded a fractional ownership interest in a condominium unit partitioned by weeks coupled with a use license in the accommodations of the resort where the condominium is located. First American issued a title insurance policy to Plaintiffs for their two timeshare estates.

In June 2010, Marriott began offering timeshare estates under the MVC Plan, which is billed as a points-based timeshare product in a multistate plan. Under the MVC Plan, purchasers are conveyed beneficial interests in the MVC Trust, which at the time consisted of 44 Marriott Legacy timeshare condominiums ("Component Sites"), including the one in

---

[1] Unless otherwise indicated, the Court referred to the Marriott Defendants collectively as "Marriott" and referred to First American Financial, First American Trust, FSB and First American Title Company collectively as "First American," and those conventions are utilized herein. The Court's recitation of facts was taken from the Amended Complaint and exhibits thereto and will be accepted as true for purposes of this Rule 12(c) motion. *See* STANDARD, *infra*.

which Plaintiffs owned an interest.  To create the MVC Trust, Marriott deeded timeshare weeks that it owned in its Legacy timeshare condominiums to First American as trustee of the MVC Trust, with all beneficial interests in the MVC Trust then vesting in Marriott, the beneficiary.  As Marriott adds new properties to the MVC Trust (e.g., additional timeshare weeks that it owns at Component Sites, as well as timeshare weeks that it owns at other condominiums that were never part of the Legacy program), Marriott records Notices of Addition ("NOAs") in the public land records of Orange County.  The NOAs contain a description of the newly-added properties as well as the point value Marriott has assigned to those properties ("Points for Sale"), which are unitized in tranches of 250 points, called beneficial interests and sold to consumers as timeshare estates.  However, property added to the MVC Trust via an NOA is not immediately made available for use by timeshare owners ("MVC Trust Owners").  MVC Trust Owners are only permitted to use a new property once Marriott delivers a Notice of Use ("NOU") for the property to the MVC Trust's managing entity, the MVC Trust Owners Association ("MVCTOA").  After an NOU is delivered, the points from the newly-added Trust Property are sold to consumers, and MVC Trust Owners' interests in the MVC Trust are re-calibrated to account for the additional points.  MVC Trust Owners then utilize their points to book accommodations at MVC-branded resorts (and for other vacation benefits and options), the cost of which is reflected as Points for Use.

On January 14, 2015, Plaintiffs purchased four beneficial interests, equivalent to 1,000 points, in the MVC Trust.  The transaction was memorialized in an MVC Trust Consumer Deed recorded in Orange County, Florida.  The MVC Trust Consumer Deed

used in connection with Plaintiffs' transaction described the interest being conveyed as a timeshare estate and provided an administrative code for each beneficial interest conveyed. More particularly, Plaintiffs' MVC Trust Consumer Deed specifically identified: (i) the land trust (including recording information for the Memorandum of Trust Agreement); (ii) the date of the land trust; (iii) the land trust number; (iv) the signatories to the land trust; (v) the trustee of the land trust; (vi) the grantor of the beneficial interests being conveyed in the land trust; (vii) the grantee (beneficiary) of the beneficial interests being conveyed in the land trust; and (viii) the number of beneficial interests being conveyed, which are also identified by alphanumeric codes.  The MVC Consumer Deed states:

> That Grantor [Marriott Ownership Resorts, Inc.], in consideration of Ten and No/100 Dollars ($10.00) and other good and valuable consideration paid by the Grantee [Anthony B. Lennen and Beth A. Lennen], the receipt of which is hereby acknowledged, has granted, bargained, sold, remised, released and conveyed unto Grantee, the following described property:
>
> A timeshare estate as defined by Section 721.05, *Florida Statutes,* more fully described as:
> 4 Interests (numbered for administrative purposes: H04815 & H04816 & H04817 & H04818) in the MVC Trust ("Trust") evidenced for administrative, assessment and ownership purposes by 1,000 Points (250 Points for each Interest), which Trust was created pursuant to and further described in that certain MVC Trust Agreement dated March 11, 2010, executed by and among First American Trust, FSB, a federal savings bank, solely as trustee of Land Trust No. 1082-0300-00, (a.k.a MVC Trust), Marriott Ownership Resorts, Inc., a Delaware corporation, and MVC Trust Owners Association, Inc., a Florida corporation not-for-profit, as such agreement may be amended and supplemented from time to time ("Trust Agreement"), a memorandum of which is recorded in Official Records Book 10015, Page 4176, Public Records of Orange County, Florida ("Trust Memorandum"). The Interests shall have a Use Year Commencement Date of January 01, 2016 (subject to Section 3.5 of the Trust Agreement).

Am. Compl. (Doc. 124 at ¶ 5 and Exhibit D thereto).

## STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The standards for reviewing decisions on motions to dismiss and motions for judgment on the pleadings are the same: whether the count stated a claim for relief." *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (citation and internal quotation marks omitted). "In ruling on such a motion, a court accepts as true all material facts alleged in the non-moving party's pleading and views those facts in the light most favorable to the non-moving party." *Gallaher v. Estates at Aloma Woods Homeowners Ass'n, Inc.*, 316 F. Supp. 3d 1358, 1362 (M.D. Fla. 2018). "If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations," the court should grant judgment on the pleadings. *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011), *aff'd,* 719 F.3d 1245 (11th Cir. 2013).

A complaint's failure to state a claim upon which relief can be granted may be presented on a motion to dismiss or a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c), 12(b)(6), 12(g)(2), 12(h)(2)(B). A motion for judgment on the pleadings may, accordingly, be submitted after a ruling on a Rule 12(b)(6) motion to dismiss and following an answer. *Nunez v. J.P. Morgan Chase Bank, N.A.*, 614CV1485ORL31GJK, 2017 WL 735391, at *2 (M.D. Fla. Feb. 24, 2017); *see also 316, Inc. v. Md. Cas. Co.,* 625 F. Supp. 2d 1179, 1186 (N.D. Fla. 2008) ("The plain language of Rule 12(h)(2)(B) unambiguously permits a defendant to raise the defense of failure to state a claim upon which relief can be

granted by a Rule 12(c) motion for judgment on the pleadings.").

A motion for judgment on the pleadings—which, if granted, results in a merits judgment—is the appropriate vehicle where, as here, "the sole question is the applicability or interpretation of a statutory provision." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1367 (3d ed.). "A motion brought under Fed. R. Civ. P. 12(c) is specifically designed to facilitate this inquiry." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990); *accord Doe v. Ennis Indep. Sch. Dist.*, 2007 WL 273550, at *2 (N.D. Tex. Jan. 31, 2007).[2]

## PROCEDURAL HISTORY

Plaintiffs began this case on May 20, 2016 by filing a 639-paragraph, 19-Count "Class Action Complaint," alleging numerous violations of the Florida Timeshare Act and the Florida Land Trust Act, as well as claims under the Florida Racketeer Influenced and Corrupt Organization Act, § 895.01, *et seq.* ("Florida RICO"). (Doc. 1). On September 16, 2016, the Marriott Defendants moved to dismiss the Class Action Complaint under Rules 8, 10 and 12(b)(6). (Doc. 77).[3] On September 27, 2017, the Court granted the Marriott Defendants' motion,[4] finding Plaintiffs' Class Action Complaint to be an impermissible

---

[2] The question addressed in the Marriott Defendants' motion to dismiss Count I was the adequacy of the real property's description under Florida common law. Order at 7-8. As noted earlier, and discussed below, the question presented here is precisely whether, under governing Florida law, such a description is required in the first instance for real property interests under Section 689.071 of the Florida Land Trust Act.

[3] Concomitant with their Rule 12(b)(6) motion, the Marriott Defendants also filed a "Motion for the Court to Invoke Primary Jurisdiction and to Stay Proceedings Pending Agency Review" (Doc. 76), which was denied. (Doc. 119).

[4] The Marriott Defendants' Rule 12(b)(6) motion was denied to the extent it had sought dismissal with prejudice.

7

"shotgun complaint [that failed] to comply with pleading standards." (Doc. 120 at 4).[5] Following that dismissal, Plaintiffs filed, on October 25, 2017, a 477-paragraph, 16-Count Amended Class Action Complaint (Doc. 124), and, on November 22, 2017, the Marriott Defendants again moved to dismiss. (Doc. 134).[6] On March 31, 2019, the Court granted the bulk of the Marriott Defendants' motion. *See* Order, *passim.*[7] Marriott's motion was denied with respect to a single Count (Count I), which is the focus of this Rule 12(c) motion.

On April 15, 2019, the Marriott Defendants filed their Answer to what remains of Plaintiffs' Amended Class Action Complaint following the Order. (Doc. 226). As the pleadings are now complete, this Rule 12(c) motion is appropriate and ripe for determination. The Marriott Defendants maintain that, as a matter of law and based on the pleadings before the Court, the MVC Consumer Deed's description of the beneficial interests conveyed to Plaintiffs is sufficient and adequate under the Florida Land Trust Act.

---

[5] Given the Court's September 27, 2017 order, the MVCTOA's and First American's motions to dismiss (Docs. 75 and 79, respectively) were denied as moot.

[6] The MVCTOA, First American and Orange County also moved to dismiss the Amended Class Action Complaint. (Docs. 135, 136 and 144, respectively). The MVCTOA's and First American's motions were granted in their entirety; however, Orange County's motion was denied. *See* Order at 1.

[7] Most of Plaintiffs' claims were dismissed without prejudice, either as impermissible shotgun pleadings (Counts VII, VIII, XI and a punitive damages claim) or for failure to state claims upon which relief could be granted (Counts III, V, IX, X, XII, XIII and Florida RICO Counts I and II). Counts II and VI were also dismissed on Rule 12(b)(6) grounds but with prejudice. For the claims that were dismissed without prejudice, Plaintiffs were not given leave to amend as they had never requested such leave, and they "were already given one opportunity to amend their Complaint." *See* Order at 20.

## ARGUMENT

I. **THE FLORIDA LAND TRUST ACT AUTHORIZES THE CREATION AND SALE OF INTANGIBLE REAL PROPERTY BENEFICIAL INTERESTS IN A LAND TRUST AND REQUIRES THAT THOSE INTERESTS BE CONVEYED BY DEED AND SUPPLANTS FLORIDA COMMON LAW GOVERNING CONVEYANCES OF PHYSICAL PARCELS OF REAL PROPERTY WITH RESPECT TO SUCH BENEFICIAL INTERESTS.**

In its March 31, 2019 Order, the Court ruled that, under Florida statutory law, "a beneficial interest in a land trust is a real property interest" and that "'an interest in real property cannot be conveyed other than by deed.'" Order (Doc. 221) at 9 (citation omitted). Thus, in order to comply with Florida law, "MORI was required to convey its beneficial interests [e.g., the beneficial interests purchased by Plaintiffs] via a deed." *Id.* (emphasis added). The gravamen of Count I, however, is Plaintiffs' allegation "that the MVC Trust Consumer Deeds are void because they lack valid legal descriptions of the property interests being conveyed." Order at 7; *see also* Am. Compl. ¶ 148 Compl. ¶ 142 ("Under Florida law, a deed that does not sufficiently describe a parcel of real property is void"); and ¶148 (alleging that the MVC Trust Consumer Deeds are void under Florida law because "[n]othing in the MVC Trust Consumer Deeds provide information about the city, county, or state where the purportedly deeded property is located, and the deeds lack any geographical description, whatsoever, as required by Florida law"). Thus, Count I is limited solely and exclusively to the claim that the description of the beneficial interests in the MVC Consumer Deeds is inadequate under Florida law.

Plaintiffs base this allegation on Florida common law holding that "[a] deed which contains a description so vague that a surveyor would not be able to locate the land is a nullity and fails to convey legal title." *Id.* at ¶ 144 (emphasis added). While this body of

9

case law clearly applies to the usual sale of real property in which a physical parcel is being transferred, it has been supplanted by the Florida Land Trust Act, insofar as the beneficial interests at issue here are concerned.

As the Court has already held in its March 31, 2019 Order (DE 221): "beneficiaries possess a beneficial interest in a land trust, while trustees hold legal and equitable title to the land trust property"; "when MORI conveys its beneficial interests, it is conveying an interest separate from First American's legal title in the Trust Property"; and "the Florida Land Trust Act and the Florida Timeshare Act provide that a beneficial interest in a land trust is a real property interest [that] MORI was required to convey . . . via deed." (Order, DE 221 at 8-9). The pertinent statutory provisions establish, beyond question, two critical propositions: (i) the beneficial interests are real property, because they are interests in a land trust; and (ii) the beneficial interests in the MVC Trust, like any other real property interests, <u>must</u> be transferred by deed.  Specifically:

- "'Beneficial interest' means any interest, vested or contingent and regardless of how small or minimal such interest may be, in a land trust which is held by a beneficiary." Fla. Stat. § 689.071(2)(a).
- "'Land trust' means any express written agreement or arrangement by which a use, confidence, or trust is declared of any land, or of any charge upon land, under which the title to real property, including, but not limited to, a leasehold or mortgagee interest, is vested in a trustee by a recorded instrument." *Id.* at § 689.071(2)(c).
- "'Trust property' means any interest in real property, including, but not

10

- limited to, a leasehold or mortgagee interest, conveyed by a recorded instrument to a trustee of a land trust or other trust." *Id.* at § 689.071(2)(g).

- "In all cases in which the recorded instrument or the trust agreement, as hereinabove provided, contains a provision defining and declaring the interests of beneficiaries of a land trust to be personal property only, such provision is controlling for all purposes when such determination becomes an issue under the laws or in the courts of this state. If no such personal property designation appears in the recorded instrument or in the trust agreement, <u>the interests of the land trust beneficiaries are real property.</u>" *Id.* at § 689.071(6) (emphasis added).

- "If provided in the recorded instrument, in the trust agreement, or in a beneficiary agreement . . . [t]he beneficiaries may own specified proportions or percentages of the beneficial interest in the trust property <u>or</u> in particular portions or parcels of the trust property of a land trust." *Id.* at § 689.071(8)(b)1.c.

- "The trustee's legal and equitable title to the trust property of a land trust is separate and distinct from the beneficial interest of a beneficiary in the land trust and in the trust property." *Id.* at § 689.071(8)(d).

The Legislature thus created a new form of real property -- an intangible beneficial interest in a trust that must be conveyed by a recorded instrument -- and, in doing so, necessarily abrogated pre-existing Florida common law requiring a description of real

11

property with sufficient detail that "a surveyor could locate the land." *See Mendelson v. Great. W. Bank*, 712 So. 2d 1194, 1196 (Fla. Dist. Ct. App. 1998).

The Florida Legislature unquestionably has the power to abrogate Florida common law. *See, e.g., Townsend v. R.J. Reynolds Tobacco Co.*, 192 So. 3d 1223, 1231 (Fla. 2016); *Baker v. State*, 636 So. 2d 1342, 1345 (Fla. 1994); *Noble v. Yorke*, 490 So. 2d 29, 30 (Fla. 1986). "Under Florida law, a statute supersedes a common law rule when it is so repugnant to the common law rule that the two cannot coexist" (*Townsend*, 192 So. 3d at 1231), even absent an express declaration that the common law has been displaced. *Thornber v. City of Fort Walton Beach*, 568 So. 2d 814, 918 (Fla. 1990); *accord State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1323 (S.D. Fla. 2017) (applying Florida law). That is plainly what the Florida Legislature did in enacting Section 689.071.

Indeed, no other construction is rationally possible. By definition, the beneficial interests at issue cannot be located by a surveyor—although the Legislature has unquestionably deemed such interests to be real property under Florida law. If the common law were to be applied to beneficial interests, <u>all</u> deeds created under the Land Trust Act to convey beneficial interests would be *per se* invalid. But the Florida Legislature cannot be deemed to have adopted useless or meaningless statutes. *See, e.g., State v. Knighton*, 235 So. 3d 312, 316 (Fla. 2018) ("[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.") (citation and internal quotation marks omitted).

As this Court recognized in dismissing Count II, the beneficial interests at issue in this case <u>are real property</u> under Florida statute because they are interests in a land trust, even though those interests <u>are not physical parcels of property</u>. Therefore, no metes-and-bounds or any other geographic description is possible because no specific "land" exists that can be "located" by a surveyor in the field or on a map. At the same time, the Court ruled that the MVC Consumer Deeds <u>must</u> be transferred by deed like any other real property interest. *See* Order at 9.[8] To construe Section 689.071 as preserving the common-law physical description requirement for beneficial interests would thus be an absurd construction, and Florida prohibits such constructions. *See, e.g., Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC,* 986 So. 2d 1260, 1270 (Fla. 2008) (courts "should not interpret a statute in a manner resulting in unreasonable, harsh, or absurd consequences").[9]

As noted above, the MVC Consumer Deeds[10] identify: (i) the land trust (including

---

[8] In ruling on Count I, the Court stated: "[I]t is undisputed that the property descriptions contained within the Consumer Deeds, alone, are inadequate." Order (Doc. 221) at 7. Given that the Marriott Defendants made clear in their moving papers that it is their position that "the [beneficial interests] are sufficiently described in the [MVC Consumer D]eeds" (*see* Doc. 134 at 16) (emphasis added), the Marriott Defendants presume that the Court meant that it is undisputed that the MVC Consumer Deeds do not contain a description of the type referenced in the Florida cases dealing with the transfer of particular parcels of real property, e.g., a metes and bounds description.

[9] In addition to rendering the Florida Land Trust Act inoperative for real property beneficial interests in a land trust, a ruling requiring a surveyor-type description of a beneficial interest in a trust would also do substantial damage to the Florida Timeshare Act, which provides that a "Timeshare Estate" includes "a direct or indirect beneficial interest in a trust" and that "[a] timeshare estate is a parcel of real property under the laws of this state." Fla. Stat. § 721.05(34). This would substantially burden and render inoperative the ability to convey beneficial interests in a timeshare trust under Fla. Stat. § 721.08(2)(c)4 (Timeshare Trust) and Fla. Stat. §721.53(1)(e) (Multisite Timeshare Trust).

[10] The MVC Consumer Deeds document the conveyance of beneficial interests in the MVC Trust to beneficiaries, not the conveyance of Trust Property as defined in the Florida Land Trust Act (i.e., the corpus of the trust). Section 689.071(g) defines "Trust Property" as

the recording information for the Memorandum of Trust Agreement); (ii) the date of the land trust; (iii) the land trust number; (iv) the signatories to the land trust; (v) the trustee of the land trust; (vi) the grantor of the beneficial interests being conveyed in the land trust; (vii) the grantee (beneficiary) of the beneficial interests being conveyed in the land trust; and (viii) the number and description of the beneficial interests being conveyed.[11] The Marriott Defendants submit that this degree of specificity should be more than sufficient to describe the beneficial interests in the MVC Trust and fulfill the Legislature's intent and purpose in enacting the provisions of the Florida Land Trust Act governing the conveyance of beneficial interests in a land trust.

---

"any interest in real property, including, but not limited to, a leasehold or mortgagee interest, conveyed by a recorded instrument **to a trustee of a land trust or other trust**" (emphasis added). Section 689.071(a) defines "Beneficial interest" as "any interest, vested or contingent and regardless of how small or minimal of such interest may be, in a land trust which is held by a beneficiary."

[11] As noted above, under the Land Trust Act, the proportion or percentage of the trust *may*, *but need not*, be used; and MVC Consumer Deeds clearly distinguish (by using alphanumeric codes), each beneficial interest being conveyed to beneficiaries from other beneficial interests in the MVC Trust.

## II. THE MVC CONSUMER DEEDS' DESCRIPTIONS ARE FURTHER SUFFICIENT BECAUSE, AT THE TIME OF CONVEYANCE OR ANY TIME THEREAFTER, A DEED REVIEWER OR SURVEYOR CAN DETERMINE THE PROPORTIONAL OR PERCENTAGE INTEREST IN THE MVC TRUST THAT IS BEING CONVEYED

While the Florida Land Trust Act does not specify exactly what the recorded instrument must contain (since a beneficial interest, although deemed "real property," is, by definition, intangible), the MVC Consumer Deeds, among other things, identify the trust, the trustee, the beneficiary and the grantor and set forth the number of beneficial interests being conveyed (identified by an alphanumeric code). Given the nature of the beneficial interests, this information is adequate and sufficient to convey a real property beneficial interest under the Florida Land Trust Act. The MVC Consumer Deeds' property descriptions are, on their face, fully adequate to describe a beneficial interest in a land trust, within the meaning of the Florida Land Trust Act.

The Act states that the deed (the "recorded instrument") for a beneficial interest in a Florida Land Trust may (but is not required) to provide that the beneficiaries "own specified proportions or percentages of the beneficial interest in the trust property." Fla. Stat. § 689.071(8)(b)1.c. As Plaintiffs acknowledge, the "proportions or percentages" of the beneficial interests in the MVC Trust being conveyed change as new properties and corresponding new beneficial interests are added (Am. Compl. ¶¶ 100-01); therefore, the MVC Consumer Deeds do not, on their face, specify such proportions or percentages (nor need they do so). A deed reviewer or surveyor can, however, determine these proportions or percentages at any point in time (i.e., at the time of conveyance or any time thereafter) simply by examining the most recent publicly-filed NOA for the MVC Trust.

As Plaintiffs allege, each time property is deeded to the MVC Trust, an NOA is filed in Orange County that, among other things, sets forth "the points and BI subscribed to" the newly added trust property. Am. Compl. ¶95(d); *see also id.* at ¶ 57 (attaching, as

15

Ex. G, "a sample NOA, dated August 16, 2017").[12] The sample NOA attached to the Amended Complaint (Ex. G) sets forth the following information "resulting from" the addition of the property to the MVC Trust as of the date of that NOA:

i. Points for Sale existing prior to conveyance of the Real property to Trustee: 448,249,500
ii. Additional Points for Sale attributed to the Real Property: 170,500
iii. Total Points for Sale upon conveyance of the Real Property to Trustee: 448,420,000
iv. Interests existing prior to conveyance of the Real Property to Trustee: 1,792,998
v. Additional Interests resulting from the addition of the Real Property: 682
vi. Total Interests upon conveyance of the Real Property to Trustee: 1,793,680

*Id.*, Ex. G at 2 (emphasis added).[13]

Thus, for any MVC Consumer Deed, a deed reviewer or surveyor could, at any point in time, simply refer to the most recent NOA, which would reflect the total beneficial interests in the MVC Trust at that time. Simple arithmetic would then be used to determine the "proportions or percentages" at that time of any beneficial interests reflected in any MVC Consumer Deed. For example, as of the date of the sample NOA in Exhibit G

---

[12] On a motion to dismiss or for judgment on the pleadings, a court may consider the exhibits referenced and attached to the complaint as part of the pleadings, which does not convert the motion into a summary judgment motion. *See, e.g., Crenshaw v. Lister,* 556 F. 3d 1283, 1292 (11th Cir. 2009).

[13] Plaintiffs will likely argue (as they allege in the Amended Complaint) that (a) the determination of points and interests retained by Marriott arising from a conveyance of property into the MVC Trust is arbitrary and subject to Marriott's sole discretion; and (b) the additional points and beneficial interest reflected in an NOA cannot be used, or sold to consumers, until an NOU (which is not filed) is provided to the Trustee. *See id.* at ¶¶ 102, 105-10. Neither of those arguments go to adequacy of the deed or the description of the beneficial interests; rather, they go to Plaintiffs' claims challenging the validity of the MVC Plan, which the Court has already dismissed.

(August 17, 2017), a deed reviewer or surveyor could determine that the Plaintiffs' four beneficial interests identified in their MVC Consumer Deed represented 0.0002230052183221087% of the Trust (4/1,793,680 = 0.000002230052183221087). A deed reviewer or surveyor could follow that same procedure to determine what percentage of the MVC Trust Plaintiffs' four beneficial interests represented at the time they were conveyed. *See* Plaintiffs' MVC Consumer Deed dated January 14, 2015 (Am. Compl., Ex. C).

This fully complies with Section §689.071(8)(b)1.c.—and, in actuality, is consistent with the purposes underlying the otherwise-supplanted common law, which holds that "any competent evidence, whether documentary or parol . . . is admissible to establish other facts" to more fully describe interests being conveyed in a deed. *Andrews v. Barton,* 974 So. 2d 1144, 1147 (Fla. 3d DCA 2008) (citing *Calder v. Hillsboro Land Co.,* 122 So. 2d 445, 456 (Fla. 2d DCA 1960)).[14]

---

[14] The above-described use of parol evidence is appropriate notwithstanding cases such as *Rice v. Rice*, 499 F.Supp. 2d 1245 (M.D. Fla. 2007), which Plaintiffs have read as conditioning the use of parol evidence on whether a physical piece of property is being conveyed. As explained above, the Florida Legislature has the power to abrogate Florida common law to the extent it is inconsistent with a statute. *See* Point I, *supra* (citing cases). Given the provisions of the Florida Land Trust Act, cases like *Rice* have clearly been abrogated to the extent they suggest that parol evidence may only be used where a physical piece of property is being conveyed.

## CONCLUSION

For all the foregoing reasons, the Marriott Defendants respectfully request that, pursuant to Fed. R. Civ. 12(c), the Court enter judgment on the pleadings with respect to Count I of the Amended Class Action Complaint and dismiss Count I in its entirety and with prejudice.

RESPECTFULLY SUBMITTED this 22nd day of April 2019.

*/s/ Dawn I. Giebler-Millner*
**Dawn I. Giebler-Millner, Esq.**
Florida Bar No. 856576
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
Email: gieblerd@gtlaw.com

- and-

Philip R. Sellinger (admitted *pro hac vice*)
SellingerP@gtlaw.com
Ian S. Marx (admitted *pro hac vice*)
MarxI@gtlaw.com
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
***Attorneys for the Marriott Defendants***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on the 22nd day of April 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

<u>/s/ Dawn I. Giebler-Millner, Esq.</u>
**Dawn I. Giebler-Millner, Esq.**