UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY LENNEN and BETH LENNEN,

      **Plaintiffs,**

v.                                                           Case No:  6:16-cv-855-Orl-41EJK

MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT RESORTS TRAVEL COMPANY, INC., MARRIOTT RESORTS TITLE COMPANY, INC., MVC TRUST OWNERS ASSOCIATION, INC., FIRST AMERICAN FINANCIAL CORPORATION, FIRST AMERICAN TRUST, FSB, FIRST AMERICAN TITLE INSURANCE COMPANY, ORANGE COUNTY FLORIDA and MARRIOTT RESORTS HOSPITALITY CORPORATION,

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Marriott's[1] Motion for Judgment on the Pleadings (Doc. 228), to which Plaintiffs filed a Response (Doc. 232), and Marriott filed a Reply (Doc. 246). For the reasons set forth herein, Marriott's Motion will be granted.

### I. BACKGROUND

This dispute arises out of timeshares purchased by Plaintiffs. On January 24, 2008, Plaintiffs purchased two timeshare estates in Marriott's weeks-based Legacy timeshare program. (Am. Compl., Doc. 124, ¶¶ 2, 62). Marriott's Legacy timeshare program is a single-site timeshare

---

[1] Defendants Marriott Ownership Resorts, Inc., Marriott Resorts Travel Company, Inc., Marriott Resorts Title Company, Inc., and Marriott Resorts Hospitality Corporation are collectively referred to as "Marriott."

plan in which purchasers are deeded a fractional ownership interest in a condominium unit partitioned by weeks coupled with a use license in the accommodations of the resort where the condominium is located. (*Id.* ¶ 62). First American[2] issued a title insurance policy to Plaintiffs for their two timeshare estates. (*Id.* ¶ 4). In June 2010, Marriott began offering timeshare estates under the MVC Timeshare Plan ("MVC Plan"). (*Id.* ¶¶ 89–90). The MVC Plan is billed as a points-based timeshare product in a multisite timeshare plan. (*Id.* ¶ 90). Under the MVC Plan, purchasers are conveyed a beneficial interest in a Florida land trust ("MVC Trust"), which consists of forty-four Marriott-owned Legacy timeshare condominiums ("Component Sites"), including the one in which Plaintiffs owned an interest. (*Id.* ¶¶ 90–91).

To create the MVC Trust, Marriott deeded its Legacy timeshare condominiums to First American as trustee of the MVC Trust, with all beneficial interests in the MVC Trust vesting in Marriott, the beneficiary. (*Id.* ¶ 95). As Marriott adds new properties to the MVC Trust, Marriott records Notices of Addition ("NOAs") in the public land records of Orange County. (*Id.* ¶¶ 57, 95). The NOAs contain a description of the newly-added properties as well as the point value Marriott has assigned to those properties ("Points for Sale"), which are unitized in tranches of 250 points, called beneficial interests ("BIs"), and sold to consumers as timeshare estates. (*Id.*). However, property added to the MVC Trust via an NOA is not immediately made available for use by timeshare owners ("MVC Trust Owners"). (*Id.* ¶ 58). MVC Trust Owners are only permitted to use a new property once Marriott, in its discretion, delivers a Notice of Use Right ("NOU") for the property to the MVC Trust managing entity, MVC Trust Owners Association, Inc. (*Id.*). After an NOU is delivered, the points from the newly-added Trust Property are sold to consumers, and MVC Trust Owners' interests in the MVC Trust are recalibrated to account for the additional points. (*Id.* ¶ 104; MVC Trust Agreement, Doc. 124-13, at 13–14). MVC Trust Owners

---

[2] Defendants First American Financial Corporation, First American Trust, FSB, and First American Title Insurance Company are collectively referred to as "First American."

then utilize their points to book accommodations, the cost of which is reflected as Points for Use. (*See* Doc. 124-13 at 5, 13).

On January 14, 2015, Plaintiffs purchased four BIs, equivalent to 1,000 points, in the MVC Trust. (Doc. 124 ¶ 5). The transaction was memorialized in an MVC Consumer Deed recorded in Orange County, Florida. (*Id.*; Special Warranty Deed, Doc. 124-3). Plaintiffs' deed described the interest being conveyed as a timeshare estate and provided an administrative code for each BI conveyed. (Doc. 124-3 at 2).[3] Plaintiffs purchased a title insurance policy through Marriott Resorts Title Company, Inc. and First American Title, FSB. (Doc. 124 ¶ 7). Thereafter, Plaintiffs initiated this purported class action against Defendants, alleging numerous violations of the Florida Vacation Plan and Timesharing Act ("Florida Timeshare Act"), Fla. Stat. § 721.01 *et seq.*, and the Florida Land Trust Act, Fla. Stat. § 689.071 *et seq.*[4]

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) "Judgment on the pleadings . . . is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). For practical purposes, a Rule 12(c) motion is subject to the same standard of review as a Rule 12(b)(6) motion. *United States v. Halifax Hosp. Med. Ctr.*, 997 F. Supp. 2d 1272, 1274 (M.D. Fla. 2014). Under a Rule 12(b)(6) analysis, a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[3] Because the MVC Consumer Deed does not contain original page numbers, citations are to the electronic filing page number.

[4] As a result of the Court's prior Order granting Marriott's Motion to Dismiss (Doc. 221), Count I of the Amended Complaint is the only claim remaining against Marriott.

conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

Marriott argues that Plaintiffs have failed to state a claim in Count I of the Amended Complaint because the property descriptions provided in the MVC Consumer Deeds are legally sufficient. As this Court noted previously, it is undisputed that the MVC Consumer Deeds themselves do not sufficiently describe the property. The Court also previously concluded that, based on the allegations of the Amended Complaint, parol evidence could not be considered. Upon further review, and in light of additional case law cited by Marriott, the Court reconsiders that conclusion.[5]

"To effect a valid conveyance of real property, a deed or other instrument must describe the property such that it is evident that a particular parcel, and not a different or unspecified one, is to be conveyed." *Mendelson v. Great W. Bank, F.S.B.*, 712 So. 2d 1194, 1196 (Fla. 2d DCA 1998) (emphasis omitted) (collecting cases). "Florida law is liberal in favor of determining the actual parcel." *Rice v. Rice*, 499 F. Supp. 2d 1245, 1248 (M.D. Fla. 2007). "[A] description is sufficient if, by relying on the description read in light of all facts and circumstances referred to in the instrument, a surveyor could locate the land." *Mendelson*, 712 So. 2d at 1196 (emphasis omitted).

---

[5] In light of its reconsideration, the Court need not address Marriott's other arguments.

Page **4** of **6**

Given the unique nature of the property interest at issue and that the actual physical property in the MVC Trust changes, any physical description in the MVC Consumer Deeds themselves would be inaccurate. To this end, Marriott records NOAs, which contain a proper legal description of each property that is added to the MVC Trust. (*See e.g.*, NOA, Doc. 124-7, at 3). The NOAs are referenced in the MVC Trust Memorandum, (Mem. of Trust Agreement, Doc. 124-9, at 2), which is also recorded and referenced in the MVC Consumer Deeds, (Doc. 124-3 at 2). Thus, if parol evidence—i.e., the MVC Trust Memorandum and the NOAs—can be considered, then the property description in the MVC Consumer Deeds are adequate.

"Parol evidence is admissible to determine the description so long as the instrument itself shows that the parties were contemplating a particular piece of property." *Rice v. Rice*, 499 F. Supp. 2d 1245, 1248 (M.D. Fla. 2007). In *Rice*, the court held that parol evidence could not be used because the deed did not contain a property description whatsoever. *Id.* at 1249. Here, from the face of the MVC Consumer Deeds, the parties intended to convey a beneficial interest in the MVC Trust Property in its entirety. (*See generally* Doc. 124-3). In light Florida's liberal standard, this is sufficient to show that the parties were contemplating "a particular tract as distinguished from other lands" such that "parol evidence can be resorted to apply the description, or identify or locate the land, though the description [may] be somewhat general." *Bajrangi v. Magnethel Enters, Inc.*, 589 So. 2d 416, 418 (Fla. 5th DCA 1991) (quoting *Lente v. Clarke*, 22 Fla. 515, 519 (Fla. 1886)); *see also See Hutchinson Island Realty, Inc. v. Babcock Ventures, Inc.*, 867 So. 2d 528, 532–33 (Fla. 5th DCA 2004) ("Extrinsic facts pointed out in the description may be resorted to ascertain the land conveyed, and the property may be identified by extrinsic evidence, as in the case of records of the county where the land is situate." (quotation omitted)).[6] Accordingly,

---

[6] To the extent Plaintiffs also argue that parol evidence cannot be used to correct a patent ambiguity, a review of cases "indicates that this 'patent ambiguity' doctrine has been continually eroded by the courts since 1939 so as to now be virtually nonexistent." *Hutchinson Island Realty, Inc.*, 867 So. 2d at 532.

because the NOAs and MVC Trust Memorandum can be considered, the property is sufficiently described, and Count I fails as a matter of law. Marriott's motion will be granted.

### IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Marriott's Motion for Judgment on the Pleadings (Doc. 228) is **GRANTED**.

2. Count I of the Amended Complaint (Doc. 124) is **DISMISSED**.

3. The Clerk is directed to terminate Marriott Ownership Resorts, Inc., Marriott Resorts Travel Company, Inc., Marriott Resorts Title Company, Inc., MVC Trust Owners Association, Inc., First American Financial Corporation, First American Trust, FSB, First American Title Insurance Company, and Marriott Resorts Hospitality Corporation as defendants in this matter and amend the case style accordingly.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record